NO. 07-03-0392-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 12, 2003

_____

RAUL HERRERA,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 242ND DISTRICT COURT OF CASTRO COUNTY;

NO. 906455997X; HON. ED SELF, PRESIDING
_____

*ABATEMENT AND REMAND*
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Raul Herrera (appellant) appeals his conviction for possession of a controlled substance over four grams but under 200 grams. The clerk's record was filed on September 15, 2003, and the supplemental clerk's record on September 17, 2003. The reporter's record was filed on August 27, 2003. Thus, appellant's brief was due on October 17, 2003. However, one was not filed on that date. On October 27, 2003, this Court notified counsel for appellant that neither the brief nor an extension of time to file

appellant's brief had been filed. Counsel for appellant was also admonished that if appellant's brief was not filed by November 6, 2003, the appeal would be abated to the trial court. That date has lapsed, and appellant still has yet to file a brief.

Consequently, we abate this appeal and remand the cause to the 242nd District Court of Castro County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.    whether appellant desires to prosecute the appeal;

2.    whether appellant is indigent and entitled to appointed counsel; and,

3.    whether appellant has been denied the effective assistance of counsel due to appellate counsel's failure to timely file an appellate brief. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83 L.Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue this appeal, is indigent, and has been denied effective assistance of counsel, then we further direct the court to appoint new counsel to assist in the prosecution of the appeal. The name, address, phone number, telefax number, and state bar number of the new counsel who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the

2

aforementioned hearing.  Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before December 10, 2003.  Should additional time be needed to perform these tasks, the trial court may request same on or before December 10, 2003.

It is so ordered.

Per Curiam

Do not publish.

3